UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE TERRELL FRAZIER,

        Petitioner,

                                              File No.  1:04-CV-397

v.

                                              HON. ROBERT HOLMES BELL

PAUL RENICO,

        Respondent.
                                          /

## O P I N I O N

This matter is before the Court on Petitioner's objections to the Magistrate Judge's June 22, 2004 Report and Recommendation ("R&R").  The Magistrate Judge recommended denial of Petitioner's habeas corpus petition based on his failure to comply with the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act.  This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  In his objections to the R&R, Petitioner contends that he is entitled to equitable tolling of the statute of limitations.  Because the record before the Court does not support Petitioner's equitable tolling claim, the Court overrules Petitioner's objections and approves and adopts the Magistrate Judge's R&R as the opinion of the Court.

I.

Petitioner's current habeas corpus petition is actually the second petition he has filed with this Court. In October 2000, the Michigan Supreme Court denied his application for leave to appeal his conviction on multiple counts including first-degree murder, second-degree murder, assault with intent to murder and possession of a firearm during the commission of a felony. Thereafter, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court. While his motion for relief was pending in state circuit court, Petitioner filed a habeas corpus petition in this Court with the assistance of counsel, Helen Nieuwenhuis. *See Frazier v. Renico*, No. 1:01-CV-706 (W.D. Mich.). The Court dismissed the petition without prejudice on January 2, 2002, pursuant to Petitioner's motion for voluntary dismissal so that he could pursue unexhausted claims in state court. *Id.* (Docket #6). After exhausting his additional claims in state court, Petitioner filed the instant petition on June 9, 2004.

Petitioner has not objected to the Magistrate Judge's analysis applying the statute of limitations to his petition. The Court has reviewed the R&R and agrees that, absent equitable tolling, Petitioner's current petition is time-barred. Thus, the Court must consider whether Petitioner is entitled to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that one-year limitation period applicable to § 2254 is subject to equitable tolling).

Petitioner concedes that he bears the burden of proving that he is entitled to equitable tolling. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See e.g.*, *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); *Cook v. Steagall*, 295 F.3d 517, 521 (6th Cir. 2002). The determination whether to equitably toll the statute of limitations is guided by the five-factor test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). *See Dunlap*, 250 F.3d at 1010 (6th Cir. 2001). The factors are: (1) petitioner's lack of notice of the filing requirement; (2) petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 1008. These factors are not necessarily comprehensive, and one or more factors may not be relevant in a particular case. *Jurado*, 337 F.3d at 643.

Petitioner argues that he is entitled to equitable tolling because his attorney failed to timely file his petition after he requested that she do so. Petitioner contends that after his application for leave to appeal his motion for relief from judgment was denied by the Michigan Supreme Court on December 30, 2002, he informed his counsel of the denial. Petitioner next alleges that his counsel agreed to file a habeas petition encompassing his newly exhausted claims and that she subsequently informed him that it had been filed. *See* Petitioner's Aff. at ¶¶ 3, 4. Petitioner contends that he did not become aware that his petition

had not been filed until the Magistrate Judge informed him by letter dated April 19, 2004 that his original habeas petition could not be amended because it had been voluntarily dismissed. Petitioner asserts that after learning that his petition had not been filed as requested he filed the instant petition in June 2004.

A review of the record in this case and the record in Petitioner's previous habeas case reveals that his claim is false. Further, the record reveals that his attorney informed him both that he needed to timely file a second petition and that she was unable to do so on his behalf. Petitioner relies upon a letter from his counsel dated February 28, 2002, nearly one year before the Michigan Supreme Court denied his application for leave to appeal. Petitioner makes much of the fact that the letter uses the word "we" when referring to the re-filing of the habeas petition after he exhausts his state court claims. While the letter does use the word "we," the overall purpose of the letter is to inform Petitioner that after his claims are exhausted in state court a new habeas petition must be filed promptly to avoid the statute of limitations. *See* Feb. 28, 2002 Letter, Exhibit 1, Pl's Obj. to R&R (Docket #4) ("Once your case or a 6.500 motion is denied in the Supreme Court, you only have a very short period of time to file another Federal Habeas Corpus.") (emphasis in original).

Moreover, in making his present claim, Petitioner appears to overlook another letter from his attorney dated January 24, 2003. *See* January 24, 2003 Letter (Docket #15). This letter informs Petitioner that Ms. Nieuwenhuis was not able to file a new habeas petition on his behalf. "I am unable right at this moment in time to draft/file a writ in Federal Court on

4

your behalf." *Id*. The letter also encouraged Petitioner to seek another counsel because "you have no attorney currently representing you." *Id*. The letter also reminds Petitioner of the severe filing deadline and advises him to act promptly.

Petitioner contends that the January 24, 2003 letter is a fraud and was manufactured during the pendency of his present petition. This allegation is completely incredible. Even if the Court were to ignore the fact that the letter is written on counsel's letterhead, signed by counsel, and counsel has stated in an affidavit that she authored the letter and sent it to Petitioner, the record contains ample evidence that the letter is not a fraud and that Petitioner received the letter and understood it.

First, Respondent has provided a copy of the UPS shipping receipt for the January 24, 2003 Letter containing an account number 9797AW. In his objection to the R&R, Petitioner states that he received a letter from counsel with UPS account number 9797AW. Second, shortly after Petitioner apparently received the January 24, 2003 letter he filed two letters with this Court. *See Frazier*, No. 1:01-CV-706 (Docket #8, 9). In each letter he states that Ms. Nieuwenhuis informed him that she would not file a petition on his behalf. For example, in a letter dated February 10, 2003, Petitioner states "[i]n addition, my attorney express [sic] to me that she is not able to draft a brief because she is very busy." *Id*. (Docket #9).[1] Thus,

---

[1] Petitioner attached a copy of the January 24, 2003 letter from his attorney to his February 10, 2003 letter, further evidencing that Petitioner's claim of fraud lacks credibility.

Petitioner's claim that the January 24, 2003 letter is a fraud is erroneous. Moreover, the allegation weakens the credibility of his other allegations.

Although Petitioner alleges that the January 24, 2003 letter is a "fraud," paradoxically he also appears to rely on the text of the letter in making his claim that his counsel re-filed his petition in 2003. See Petitioner's Objection at 2-3, Petitioner Aff. at ¶ 4, Petitioner's Reply at 4. Petitioner relies on the opening sentence of the January 24, 2003 letter which states "[f]or your convenience, I have made a copy of the original Federal Habeas Corpus Petition for Writ, etc, which was filed on your behalf." Contrary to Petitioner's view, this does not indicate that counsel has filed a petition with the Court, it merely notifies Petitioner that a copy of his previously filed (and voluntarily dismissed) petition was attached. Moreover, the remainder of the letter clearly indicates that counsel is unable to file a new petition with the Court. Accordingly, Petitioner's claim that his counsel agreed to resubmit his petition and failed to do so is meritless.[2]

The letters from counsel to Petitioner demonstrate that he was informed that he had to file a new habeas petition after his state claims were exhausted, counsel was not able to

---

[2] Petitioner also alleges that Ms. Nieuwenhuis failed to respond to repeated calls and letters from Petitioner and his family members checking on the progress of the allegedly filed petition. The credibility of this allegation is undermined by Petitioner's obvious misstatement regarding the January 24, 2003 letter. Further, Respondent filed an affidavit of Ms. Nieuwenhuis in which she states that this allegation is false. Nieuwenhuis Aff. at ¶ 9 (Docket #16). Ms. Nieuwenhuis has appeared before this Court numerous times and her credibility is well known. Consequently, the Court finds her affidavit more credible than Petitioner's allegations.

file the petition on his behalf, and that he needed to find another attorney. Further, Petitioner was given notice that his petition was subject to a strict statute of limitations. Accordingly, Petitioner had ample notice and actual knowledge of the filing requirement. In addition, his own letters to the Court demonstrate that he understood that his attorney was not representing him and could not file a petition on his behalf. *Frazier*, No. 1:01-CV-706 (Docket #8, 9, 13). Taken together, this evidence forecloses the application of equitable tolling in this case. Petitioner was given notice of the statute of limitations, notified that his original habeas petition had been voluntarily dismissed and that he would need to file a new petition, and notified that his former counsel would not file the new petition on his behalf. Thus Petitioner's allegation that his attorney agreed to file a new petition on his behalf and failed to do so is without merit.[3]

Moreover, Petitioner's repeated requests for appointed counsel and his additional filings in his previous habeas petition file do not demonstrate diligent pursuit of habeas relief on his part. The Court addressed each filing and informed Petitioner that his habeas petition had been voluntarily dismissed. *See Frazier*, No. 1:01-CV-706 (Docket #10, 12, 19, 21, 23).

---

[3] In reviewing the record in Petitioner's previous habeas case, his filing of a motion to supplement his original habeas petition is notable and bears comment. *See Frazier*, 1:01-CV-706 (Docket #13, 14). This motion sought to add the claims Petitioner now asserts. Further, Petitioner again discloses his understanding that Ms. Nieuwenhuis was not representing him and had not filed a new habeas petition. Finally, Petitioner's filing of the motion to supplement is also notable because it was filed in September 2003, one month after the deadline to timely file his habeas petition (August 18, 2003). Even if the Court treated his motion to supplement as the filing of a new habeas petition, it was still time barred and equitable tolling would not apply.

Further, Petitioner had previously been informed of the statute of limitations, that a new petition was required, and that his attorney would not file the new petition on his behalf. The fact that Petitioner is untrained in the law and was proceeding without a lawyer does not warrant tolling of the statute of limitations. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations."). Petitioner has failed to allege circumstances that would justify equitable tolling. Accordingly, his objections to the Magistrate Judge's Report and Recommendation are overruled and the Report and Recommendation is approved and adopted as the opinion of the Court. An order will be entered consistent with this opinion.


Date:    September 19, 2005            /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE